**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Marvin Lee Bobo,<br><br>     Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>     Respondent. | Case No. 14-cv-4843 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Marvin Lee Bobo, Minnesota Correctional Facility–Stillwater, 970 Pickett 2015 WL 4255858, Bayport, Minnesota 55003, pro se

Stephen N. Betcher, Goodhue County Attorney's Office, 454 West Sixth Street, Red Wing, MN 55066, for State of Minnesota

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Petitioner Marvin Lee Bobo's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. Petitioner is incarcerated at the Minnesota Correctional Facility in Bayport, Minnesota. The petition has been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. For the reasons set forth below, the Court recommends that the petition be denied and no certificate of appealability be granted.

I.     **Background**

On October 13, 2012, J.I., a property owner in the City of Red Wing, was alerted by a neighbor that "something was up" behind J.I.'s garage. *State v. Bobo*, No. A13-0847, 2014 WL 502964, at *1 (Minn. Ct. App. Feb. 10, 2014), *review denied* (Apr. 15, 2014). J.I.'s property consists of three contiguous lots. *Id.* One lot contains his home; the lot to the east of his home contains his garage; and the lot to the north is mostly vacant. *Id.* Upon being alerted about the activity behind his garage, J.I. went to investigate. *Id.* J.I. found some snack wrappers, a bag of clothing, and an area of matted weeds and brush where it appeared someone had been sleeping. *Id.* Then, upon further investigation, J.I. found a sheet wrapped around what felt like "the stock of a gun." *Id.* About six feet from the sheet, J.I. found a box of shotgun shells that was missing two shells. *Id.* J.I. called the police and locked the gun and the ammunition in his garage. *Id.*

Officer Mund arrived on the scene, confirmed the sheet contained a gun, discovered the shotgun shells were live, returned the shells contained within the shotgun to the box, and confirmed that the shotgun did not belong to J.I. *Id.* Officer Mund then followed J.I. to where the shotgun was discovered. *Id.* Officer Mund searched the bag and found paperwork regarding Petitioner's application for disability benefits. *Id.* Contained within these documents was a letter addressed to Petitioner notifying him of a hearing on December 11, 2012. *Id.*

Later that day, J.I., his wife, and a neighbor confronted Petitioner when they saw him walking back towards the area where the shotgun was found. *Id.* J.I.'s wife told Petitioner that the gun was no longer on the property and had been turned over to the

police earlier that day. *Id.* Petitioner said nothing, turned, and walked away. *Id.* Two weeks later Detective Grosso conducted a taped custodial interrogation of Petitioner, who made the following statements:

> PETITIONER: I might have moved [the gun] . . . somewhere away from my stuff 'cuz I didn't know that it was by my stuff so I might have moved it. You know, I . . . locate[d] a sheet and I opened it but I . . . didn't know what it was so . . .
>
> DETECTIVE GROSSO: You opened the sheet and you had to have seen the gun, [Petitioner], because . . .
>
> PETITIONER: Right.
>
> DETECTIVE GROSSO: . . . it was right in the sheet.
>
> PETITIONER: Yeah.
>
> DETECTIVE GROSSO: It isn't, oh you saw the sheet by yourself and you didn't know what it was.
>
> PETITIONER: Was, yeah.
>
> DETECTIVE GROSSO: So you opened the sheet.
>
> PETITIONER: Yeah.
>
> DETECTIVE GROSSO: So that's why your fingerprints are going to be on the gun?
>
> PETITIONER: Yeah. I think that's perhaps why it should be on there.
>
> DETECTIVE GROSSO: Okay. And then you, and then you moved it.
>
> PETITIONER: Yeah.
> . . . .
>
> DETECTIVE GROSSO: You just picked it up and moved it.

3

>PETITIONER: That was it.
>
>DETECTIVE GROSSO: It was only in your possession from the time that you picked it up from your stuff and put it on the other side of the yard.
>
>PETITIONER: Yes, sir.

*Id.* at *1-2. On October 23, 2012, the State of Minnesota charged Petitioner with felonious firearm possession under Minn. Stat. § 624.713, subd. 1(2) (2012). *Bobo*, 2014 WL 502964, at *1. Petitioner demanded a speedy trial, waived his right to a jury trial, and stipulated that he had been convicted of aggravated robbery, a felony. *Id.*

At the trial, J.I. and his wife identified Petitioner as the man they confronted near the garage. *Id.* at *2. No witness testified that they had seen the shotgun on Petitioner's person. *Id.* Petitioner, through testimony, denied that he encountered J.I., J.I's wife, or the neighbor. *Id.* Further, Petitioner denied that the food wrappers or the bag on J.I.'s property belonged to him. *Id.* Petitioner claimed that the items in the bag "might have been" stolen from him. *Id.* Petitioner also denied knowing about the shotgun, placing the shotgun on J.I.'s property, moving the gun, or putting the ammunition on J.I.s property. *Id.* Finally, Petitioner claimed that he did not mean to tell Detective Grosso that he moved the gun. *Id.* Petitioner testified as follows: "I was actually confused by the question. I was misunderstood and confused. I didn't recognize what he was talking about. . . . Like just the way he came about the DNA and all that. I didn't understand what he meant." *Id.*

The trial court found that Petitioner's confession was sufficiently corroborated and found him guilty of violating Minn. Stat. § 624.713, subd. 1(2), because Petitioner

4

admitted to being a felon, being convicted of a crime of violence, and possessing a firearm. *Id.*

Petitioner appealed to the Minnesota Court of Appeals, which affirmed the trial court in all respects because the evidence presented at trial was "sufficient to prove that [Petitioner] knowingly possessed the shotgun." *Id.* at *3. Petitioner sought review by the Minnesota Supreme Court, and his petition was denied on April 15, 2014. Petitioner timely filed his § 2254 petition.

Petitioner raises the following grounds for relief in his petition:

> (1) Petitioner recanted his confession and therefore did not admit to possessing the firearm. Since he did not admit to possessing the firearm, the evidence is insufficient to convict.
>
> (2) The State did not meet its burden of proof with regard to showing that Petitioner actually possessed the firearm because there is no evidence of Petitioner's fingerprints on the firearm.
>
> (3) The State did not meet its burden of proof with regard to showing that Petitioner knowingly possessed the firearm.

**II.     Discussion**

As stated by the United States Supreme Court in *Preiser v. Rodriguez*, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." 411 U.S. 475, 484 (1973). On review of a § 2254 habeas petition, a court must determine whether the incarceration of a state prisoner violates the United States Constitution or United States Supreme Court precedent. 28 U.S.C. § 2254(a).

A federal court's review of the state court decisions underlying a state prisoner's habeas petition is "limited and deferential." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (quotation omitted). There are three circumstances in which a federal court may grant a state prisoner's habeas petition: (1) if the state court adjudication was contrary to clearly established federal law, (2) if the state court adjudication involved an unreasonable application of clearly established federal law, or (3) if the state court adjudication was based on an unreasonable evaluation of the facts. *See* 28 U.S.C. § 2254(d).

Regarding the first circumstance, a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The second circumstance is triggered when the state court correctly identifies the governing Supreme Court precedent, but unreasonably applies it to the facts at hand or when the state court unreasonably extends or refuses to extend the Court's precedent to a new context. *Id.* at 407. To warrant habeas relief in this circumstance, the state court's misapplication of the law must be "objectively unreasonable." *Id.* at 409. The final circumstance is controlled by § 2254's mandate that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### A.  Ground One: Recanted Confession

The precise legal basis for Ground One is unclear.  It is possible Petitioner is challenging the fact finder's determination to weigh Petitioner's recorded confession more heavily than his trial testimony.  Alternatively, it is possible Petitioner is arguing that he recanted his confession at or after trial, and therefore, the confession was inadmissible as evidence.  As a pro se litigant, Petitioner's habeas filings must be construed liberally.  *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009) (citing *Mellott v. Purkett*, 63 F.3d 781, 784 n.4 (8th Cir. 1995)).  Therefore, this Court will consider both possible arguments.

In reviewing the sufficiency of the evidence on federal habeas review, the Court is not permitted to conduct an independent assessment of credibility; that is a task reserved to the finder of fact, in this case, the trial court.  *See Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000).  Therefore, if Petitioner is challenging the fact finder's credibility determination, this Court is permitted only to examine, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and is not permitted to conduct an independent credibility assessment.  *Blair-Bey v. Nix*, 44 F.3d 711, 713 (8th Cir.1995) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Upon reviewing the record in the light most favorable to the prosecution, there is no question that a rational trier of fact could have determined that Petitioner's recorded confession was more credible than his trial testimony.

With regard to Petitioner's possible alternative argument, Petitioner did not raise this legal basis to the Minnesota Court of Appeals. A state prisoner, such as Petitioner, must exhaust all state court remedies by fairly presenting his federal constitutional claims to each tier of state appellate review before seeking § 2254 relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996) (quotation omitted). If the state courts will no longer review the claim, it is procedurally defaulted. In Minnesota, "where a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the *Knaffla* rule: (1) when a claim is novel, and (2) when "the interests of fairness and justice" would demand review. *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013). Any argument that Petitioner recanted the confession, and that the confession is therefore not admissible, is procedurally defaulted because Petitioner failed to raise that specific theory in the state courts. Furthermore, neither of the *Knaffla* exceptions applies here.

Claims procedurally barred under state law are exhausted for the purposes of federal habeas review. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available'

to him."). In this circumstance, the Court must determine whether Petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or whether the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) (citing *Coleman,* 501 U.S. at 750).

To establish cause for the default, Petitioner must show that some external, objective factor impeded his ability to comply with the *Knaffla* rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner has made no such argument or showing. A court need not consider prejudice unless the petitioner demonstrates cause. *McCall*, 114 F.3d at 758.

Thus, the Court proceeds to the fundamental miscarriage of justice exception. This exception is available only when a petitioner establishes that a constitutional violation likely caused the conviction of an innocent person. *Id*. (quoting *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)). Petitioner has made no such argument or showing. Accordingly, the Court cannot excuse the procedural default and reach the merits of whether Petitioner's arguably recanted confession was admissible.

### B. Grounds Two and Three: Due Process Violations Due to Insufficient Evidence

Petitioner argues that the State failed to prove beyond a reasonable doubt that he knowingly and actually possessed a firearm. He challenges: (1) the sufficiency of evidence of actual possession because there is no evidence that his fingerprints were on the firearm and (2) the sufficiency of evidence of knowing possession.

9

These arguments raise questions of evidentiary sufficiency under the Due Process Clause. In this context, the Due Process Clause "protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). The question for this Court, on habeas review, "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* "A federal habeas court is not vested with jurisdiction to review the sufficiency of the evidence underlying state criminal convictions. Habeas corpus relief on the ground of lack of evidence to sustain Petitioner's conviction is available only where the conviction is totally devoid of evidentiary support." *Wilson v. Parratt*, 540 F.2d 415, 416 (8th Cir. 1976) (citing *White v. Wyrick*, 530 F.2d 818 (8th Cir. 1976); *Cunha v. Brewer*, 511 F.2d 894, 898 (8th Cir. 1975)). Only where the charge against a defendant is totally devoid of evidentiary support is his conviction unconstitutional under the Due Process clause of the Fourteenth amendment. *Garner v. Louisiana*, 368 U.S. 157, 163 (1961); *Thompson v. City of Louisville*, 362 U.S. 199, 200 (1960). Therefore, federal habeas relief is available to the state prisoner on the ground of insufficiency of the evidence only if there is no evidence whatsoever supporting conviction.

Under Minnesota law, since Petitioner stipulated that he was ineligible to possess a firearm, the prosecution needed to show only that Petitioner consciously exercised dominion and control over the shotgun. *See State v. Bobo*, No. A13-0847, 2014 WL

10

502964, at *1 (Minn. Ct. App. Feb. 10, 2014) (citing *State v. Porter*, 674 N.W.2d 424, 427 (Minn. Ct. App. 2004)).  Petitioner confessed that he knew the sheet contained a gun and that he picked up the gun and moved it.[1]  *Id*.  The Minnesota Court of Appeals affirmed the trial court's decision because Petitioner's confession was sufficiently corroborated and therefore satisfied the State's burden of proof.  *Id.* at *3.

The issue before this Court is whether there is *any* evidence of Petitioner's guilt.  Petitioner confessed to knowingly possessing and moving the gun.  *Id.*  Under Minnesota State law there is no fleeting possession exception to the possession rule.  *Id.*  In addition, the gun was located near Petitioner's belongings, including a bag containing paperwork with his name, which is circumstantial evidence that the shotgun belonged to Petitioner and that Petitioner placed it there.  Therefore, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and Petitioner's due process claim is without merit.

### C. Certificate of Appealability

Before appealing a final ruling on a federal habeas corpus petition, a state prisoner must be granted a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues

---

[1] There is no challenge to the lawfulness of the circumstances under which Petitioner made his recorded confession, and the Court has already rejected, in the preceding section, Petitioner's challenge to the use made of that confession at trial.

11

otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Petitioner not be granted a COA in this matter.

### III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Marvin Lee Bobo's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**;

3. A certificate of appealability **NOT BE GRANTED**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: November 16, 2015          s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of

Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.